# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**BOND PHARMACY, INC.,**                                                    **PLAINTIFF**
*d/b/a Advanced Infusion Solutions*

**v.**                                                    **CAUSE NO. 3:11-CV-58-CWR-FKB**

**ANAZAOHEALTH CORP.**                                                    **DEFENDANT**

## ORDER

Before the Court are the defendant's motion *in limine* for inclusion of certain evidence, Docket No. 72, and the defendant's motion for an expedited ruling on that motion *in limine*, Docket No. 75. The plaintiff opposes the motion *in limine* and does not oppose the motion for an expedited ruling. Docket Nos. 80-81. The defendant has filed its rebuttal, Docket No. 82, and the matter is ready for review. The motions will be granted.

I.      *Factual and Procedural History*

The following allegations are drawn from the plaintiff's second amended complaint, Docket No. 33, and the defendant's first amended answer and counterclaim, Docket No. 48.

Bond Pharmacy d/b/a Advanced Infusion Solutions ("AIS") is a Mississippi pharmacy that dispenses drugs used in implanted durable medical equipment. Docket No. 33, at 2. For years, it has mailed drugs to doctors and billed the Centers for Medicare and Medicaid ("CMS") directly for those drugs. *Id.* at 3-4.

AIS claims that in January 2011, Florida pharmacy AnazaoHealth Corporation ("Anazao"), started to wrongfully interfere with AIS's business. *Id.* at 4-5. Anazao allegedly sent letters to hundreds of doctors that accused AIS of billing fraud, in an effort to dissuade doctors from continuing to do business with AIS. *Id.* at 5-6. AIS claims that its business and reputation suffered from those communications. *Id.* at 6. The specific causes of action alleged are defamation and tortious interference with a business relationship. *Id.* at 6-9.

Anazao denies the allegations and contends that AIS's improper billing methods took customers away from Anazao, not the other way around. Docket No. 48, at 19-20 and 24. It says its own billing method – to mail drugs to doctors, then bill those doctors – is correct under CMS guidelines. *Id.* at 19. Anazao has counterclaimed for false advertising and unfair competition

pursuant to the Lanham Act, 11 U.S.C. § 1125; common law unfair competition; tortious interference with contracts and business relationships; and deceptive advertising pursuant to Miss. Code § 97-23-3. *Id.* at 27-33.

II.     *Present Arguments*

Anazao's motion *in limine* states that the letters in question contain information it learned from CMS officials and through CMS documents. Docket No. 72, at 1. Anazao requests a pretrial ruling from the Court on the admissibility of that information, namely, certain "statements by CMS employees to Anazao, the e-mails by the CMS employees and the question and answer by CMS on its official website." *Id.* at 2. Otherwise, Anazao says, it will have to subpoena CMS and move to extend the discovery deadlines and trial date.[1] *Id.* at 12. Anazao has attached the evidence it seeks to be admitted.

In response, AIS argues that the motion is improper because motions *in limine* can be used only to exclude prejudicial and inadmissible evidence. Docket No. 80, at 1-2. "Defendant's motion is simply not a proper motion in limine, because it is not the role of the court to advise counsel in advance of trial whether certain matter will be admitted in evidence." *Id.* at 2.

Anazao's rebuttal disagrees, arguing that it may use a motion *in limine* "to get a ruling that evidence is admissible, though lawyers use it less frequently for admission than for exclusion." Docket No. 82, at 2 (quoting Wright & [Graham] § 5037.10). It observes that AIS has not actually objected to the admissibility of the proffered evidence. *Id.* at 4.

III.    *Discussion*

It is well-established that motions *in limine* may be used to secure a pretrial ruling that certain evidence is admissible. In addition to the treatise section cited above, a later section of that treatise confirms the basic point: "Revised Rule 103 permits definitive motions in limine whether they are seeking a ruling either 'admitting or excluding' the evidence. This validates the use of the 'permissive' motion in limine; that is, one that seeks permission to admit evidence rather than to exclude it." Wright & Graham, 21 Fed. Prac. & Proc. Evid. § 5037.15 (2d ed. 2005). Other treatises concur. *See* 1 McCormick on Evidence § 52, at 255 (6th ed. 2006) ("The proponent of evidence can

---

[1] CMS denied Anazao's request for a Rule 30(b)(6) deposition, in part because the communications Anazao wanted CMS to authenticate could be authenticated by others. *See* Docket No. 72-2, at 2 (Letter from CMS to Anazao's counsel, dated June 11, 2012).

file an in limine motion to obtain an advance ruling that an item of evidence is admissible."); Weissenberger's Federal Evidence § 103.4, at 45 & n.42 (7th ed. 2011) ("Such motions may be made by either the party seeking admission or the party seeking exclusion, and are usually (although not always) made before trial.").

A number of courts have arrived at the same conclusion. *See United States v. Williams*, 939 F.2d 721, 723-24 (9th Cir. 1991) (affirming district court's grant of motion *in limine* to admit evidence) (collecting cases); *United States v. Hawpetoss*, 478 F.3d 820 (7th Cir. 2007) (same); *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 517 (3d Cir. 1997) ("When a definitive evidentiary ruling is made pretrial, there is surely no point to taking the time at trial to make an objection if the *in limine* ruling admitted certain evidence, or to make an offer of proof if the *in limine* ruling excluded it."); *Ellerton v. Ellerton*, 745 F. Supp. 2d 458, 460 (D. Vt. 2010) ("A motion in limine generally seeks a pre-trial ruling regarding the inclusion or exclusion of evidence based upon its admissibility."); *United States v. Taylor*, 328 F. Supp. 2d 915, 918 (N.D. Ind. 2004) ("Thomas uses a Motion in Limine in an effort to seek a ruling on, not the exclusion of evidence, but rather the inclusion of Williams' proffer statements."); *see also United States v. Jerra*, No. 06-50081, 2007 WL 580099, *2 (9th Cir. Feb. 16, 2007) (affirming denial of motion *in limine* to admit evidence on merits, not because motions *in limine* cannot be used to admit evidence); *United States v. Henderson*, 409 F.3d 1293, 1303 (11th Cir. 2005) (same); *United States v. Masquelier*, 210 F.3d 756, 757 (7th Cir. 2000) (same).

AIS has not cited any authority to the contrary. The sources it has advanced speak to the most common role of a motion *in limine*: excluding prejudicial or inadmissible evidence. *See O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 & n.1 (5th Cir. 1977); *Caldwell v. Wal-Mart Stores East, LP*, No. 3:10-cv-651, 2012 WL 1712377, *1 (S.D. Miss. May 14, 2012); *Maggette v. BL Development Corp.*, No. 2:07-cv-181, 2011 WL 2134578 (N.D. Miss. May 27, 2011); Black's Law Dictionary 1038 (8th ed. 2004). None of these authorities bar a party from seeking to admit evidence before trial.

AIS's counsel's contention that motions *in limine* are strictly for excluding evidence is belied by his filings in other cases. He has previously (and successfully) used a motion *in limine* to ask this Court to resolve which state's substantive law would govern a case. *Chapman v. Thrasher Trucking Co.*, 729 F. Supp. 510, 510 (S.D. Miss. 1990) ("There is pending before the court a motion in limine

of defendant Thrasher Trucking Company seeking a determination as to the law applicable to the issues involved in this case. It is defendant's position that the substantive law of Louisiana should be held to govern all issues or at the very least issues relating to the recoverability of punitive damages."). Counsel's argument in *Chapman* reveals a definition of motion *in limine* more expansive than the narrow one he advances today. In both instances, the Court observes, the moving party had good cause to seek a pretrial ruling to resolve an issue important to the future of the case. *See* Docket No. 82, at 2 (containing AIS's explanation for why it thought the present motions necessary).

On that point, the Court agrees that the process Anazao would have to follow to secure testimony from CMS may be lengthy and costly. *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 246 F.R.D. 322, 324 (D.D.C. 2007) (discussing the *Touhy* regulations and judicial review after an agency declines to voluntarily provide testimony in civil proceedings); *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 42 (D.D.C. 2008). The Court's ruling today is mindful of the Federal Rules' preference for "the just, *speedy, and inexpensive* determination of every action." Fed. R. Civ. P. 1 (emphasis added).

The sole dispute before the Court is whether motions *in limine* may be used to admit evidence before trial. They may. There is no further argument to be resolved, as AIS has not contended that there are defects with Anazao's proffered evidence. Accordingly, the evidence is due to be admitted.

IV.     *Conclusion*

The defendant's motion *in limine* and motion to expedite are granted. The Court specifically orders:

(a) that the testimony of David Joseph as set forth in his Affidavit regarding the statements made by CMS employees to him is admissible as evidence of the fact that CMS made the assertions to Anazao that were repeated in Jacob Beckel's January 18, 2011 letter and its state of mind in sending the letter (as opposed to proving the truth of the matter asserted);

(b) that the four emails of CMS's employees are, at minimum,[2] admissible as evidence of the fact that CMS made the assertions to Anazao that Anazao repeated in its three letters and of its state

---

[2] The parties can take up these emails' admissibility for the truth of the matter asserted at trial.

of mind in sending the letters (as opposed to proving the truth of the matter asserted); and

(c) that the CMS website posting is admissible into evidence.

**SO ORDERED**, this the 25th day of July, 2012.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE